IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMANDA CUELLAR,

    Plaintiff,

v.                                                                                                                        No. 1:24-cv-0764 MLG/DLM

DOLGENCORP, LLC,
*doing business as Dollar General*,

DANNY MADRIGAL,
*individually*,

    Defendants.

## **STIPULATED PROTECTIVE ORDER**

**THIS MATTER** is before the Court on the parties' joint motion for entry of a stipulated protective order. (Doc. 32.) Having considered the motion and noting it is a joint motion, the Court finds it should be **GRANTED**.

**IT IS THEREFORE ORDERED**:

**A.**     **Good Cause Pursuant to Fed. R. Civ. P. 26(c)**

1.     Discovery in this action will involve the disclosure of confidential, proprietary, commercial information, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending against this litigation is warranted.

2.     The material that may be produced in this action includes but is not limited to: (a) personnel records of current or former employees of Dolgencorp, LLC dba Dollar General. ("Dolgencorp"); (b) Dolgencorp's trade secrets or other confidential and proprietary sales, financial, or commercial information, including business records, standard operating procedures, internally created reports and communications that contain confidential and proprietary business

information; (c) personal and confidential information of Defendant Madrigal; (d) personal and confidential information of Plaintiff Amanda Cuellar; and (e) other information implicating a common law or statutory privacy interest such as personal identifying information, including social security information, medical records, tax returns, or any other information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c).

**B.**     **Scope of the Protective Order**

3.     This Protective Order shall apply to the following categories of confidential and proprietary information:

(a) Personnel records of current or former employees of Dolgencorp;

(b) Dolgencorp's trade secrets or other confidential and proprietary sales, financial, or commercial information, including business records, standard operating procedures, internally created reports and communications that contain confidential and proprietary business information;

(c) Personal and confidential identifying, social security, medical, tax, and other sensitive information belonging to Defendant Madrigal;

(d) Personal and confidential identifying, social security, medical, tax, and other sensitive information belonging to Plaintiff Amanda Cuellar;

(e) Any other information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c).

4.     This Protective Order shall only apply to documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order. If a party wishes to designate the document as CONFIDENTIAL because it contains confidential information, the party must follow the provisions below.

5.      This Protective Order shall not apply to information or documents that are available to the public or that have not previously been kept in a confidential manner.

6.      As used in this Protective Order, the term "document" shall include, without limitation, any electronic or hard copy emails, writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained.  *See* Rule 1-034(A), NMRA.  A draft or non-identical copy is a separate document within the meaning of this term.

7.      Information designated "CONFIDENTIAL" shall be information that is entitled to protection under Fed. R. Civ. P. 26(c) including but not limited to: (a) personnel records of current or former employees of Dolgencorp, LLC dba Dollar General. ("Dolgencorp"); (b) Dolgencorp's trade secrets or other confidential and proprietary sales, financial, or commercial information, including business records, standard operating procedures, internally created reports, and communications that contain confidential and proprietary business information; (c) personal and confidential information of Defendant Madrigal; (d) personal and confidential information of Plaintiff; and (e) other information implicating a common law or statutory privacy interest such as personally identifiable information (PII), including social security information, medical records, tax returns, or any other information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c). CONFIDENTIAL information shall not be disclosed or used for any purpose except in the preparation of and trial (including any appeal) of this case.

8.      CONFIDENTIAL documents, materials, and/or information shall not, without the consent of the party producing it and the consent of the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case, such as paralegals or assistants, whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the Parties, including representatives for Dolgencorp;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for depositions, preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses in the course of deposition or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary in legitimate discovery or trial purposes in this case, and any person who is being prepared to testify where counsel has a reasonable and good faith belief that such person will be a witness in this action and that his/her examination with respect to the document is necessary in connection with such testimony; and

(h) other persons by written agreement of all the Parties.

9.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) calendar days after notice by the court reporter of the completion of the transcript.

**C.    Provisions for Filing Documents Containing Confidential Information Under Seal**

10.   The Parties acknowledge that this Order does not entitle them to seal confidential information filed with the Court.

11.In the event a party seeks to file any CONFIDENTIAL document containing confidential information subject to protection under this Protective Order with the Court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure by utilizing the CM/ECF Filing Procedures to set appropriate access restriction[1], including:

(a)filing a redacted document with the consent of the party who designated the document as confidential;
(b)where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or,
(c)when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal.

12.The submitting party may file a document designated as CONFIDENTIAL under this Protective Order as a separate sealed exhibit before a sealing order is obtained. Contemporaneously with that filing, however, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the document and stating whether the designated material is sealable, and if so, why, within 14 days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the 14-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

---

[1] https://www.nmd.uscourts.gov/sites/nmd/files/Admin%20Procedures%20Manual%20%20Revised%2006-10-24.pdf

**D.     Introduction of Documents Containing Confidential Information into Evidence**

13.     The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings.

14.     Subject to the Federal Rules of Evidence, a confidential document may be offered into evidence at trial or any court hearing, provided that the proponent of the evidence gives advance notice to opposing counsel of the intended use of the confidential document as may be required by a scheduling or other order.

15.     Any party may move the Court for an order that the confidential document be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as a confidential document and, if so, what protection(s) may be afforded to such information at the trial or hearing.

**E.     Application to Non-Parties**

16.     This Protective Order is not binding on non-parties. If a non-party to this litigation through deposition, testimony at trial, or any other means comes in contact or possession of such CONFIDENTIAL documents they will be asked to sign the attached non-party agreement (Exhibit A) to be bound by the terms of the Protective Order.

**F.     Jurisdiction**

17.     The Parties agree to be bound by the terms of the Protective Order upon final disposition of this case. Further, the Parties agree that if necessary, a party may seek leave to reopen this case to enforce the provisions of this Order.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AMANDA CUELLAR,

    Plaintiff,

v.                                                                                          No. 1:24-cv-0764 MLG/DLM

DOLGENCORP, LLC,
*doing business as Dollar General*,

DANNY MADRIGAL,
*individually*,

    Defendants.

**EXHIBIT A TO PROTECTIVE ORDER – NON-PARTY AGREEMENT**
_____

    I, _____ the undersigned, hereby declare that:

    I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

    I acknowledge that I have been informed that a Protective Order issued by the Court in the above captioned civil action requires confidentiality with respect to information designated as "CONFIDENTIAL" and therefore I agree to keep all such information and materials strictly and absolutely confidential, and in all other respects be bound by the provisions of the Protective Order.

    As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "CONFIDENTIAL," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

    Executed on _____                    _____
                    (Date)                                                                 (Signature)